United States Courts
Southern District of Texas
FILED

DEC - 3 2008

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGERS SMITH and WINONA SMITH, | § | |
| Individually and as Heirs of the Estates of | § | |
| ROGERS SMITH III, Deceased, and | § | |
| REKESHA HOPKINS, Deceased; GEORGIA | § | |
| RANDLE, KARRY BROWN, MARGARET | § | |
| RANDLE, JEREMY RANDLE and TERRIE | § | |
| GREEN, as Next Fried of K.R., | § | |
| a Minor, Individually and as Heirs of the Estate | § | |
| of KAVEN RANDLE, Deceased, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO. _____ |
| | § | |
| ROBIN AMERICA, INC. d/b/a SUBARU- | § | |
| ROBIN, FUJI HEAVY INDUSTRIES U.S.A., | § | |
| INC., HOME DEPOT U.S.A., INC., and | § | |
| MEAD BRADLEY, Individually, | § | |
| | § | |
| Defendants. | § | **JURY DEMANDED** |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this its

Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.      Home Depot is the Defendant in a civil action pending in the 190th Judicial District

Court of Harris County, Texas entitled *Rogers Smith, et al. vs. Robin America Inc. d/b/a Subaru-*

*Robin, et al.*; Cause No. 2008-64392 (hereinafter referred to as the "State Court Action").  True

and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court

Action are attached hereto as Exhibit "B," as required by *28 U.S.C. § 1446(a).*

2.      The State Court Action was filed on October 30, 2008.  Home Depot was served

with Plaintiffs' Original Petition on November 4, 2008.   Plaintiffs' Original Petition asserts wrongful death and survivorship claims based on theories of negligence, negligent misrepresentation, and product defects, and seeks actual and exemplary damages arising from the deaths of Rogers Smith III, Rekesha Hopkins, and Kaven Randle.   Plaintiffs' Original Petition alleges that Rogers Smith III,   Rekesha Hopkins, and Kaven Randle died as a result of carbon monoxide poisoning as a result of operating a defective generator in their garage. Plaintiffs' Original Petition does not specify the amount of damages sought by Plaintiffs.   However, due to the Plaintiffs' claims and request for exemplary damages, it is likely that Plaintiffs are each seeking damages in excess of $75,000.00.   This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiff's lawsuit upon Home Depot.   *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

3.      Plaintiffs Rogers Smith, Winona Smith, Georgia Randle, Karry Brown, Margaret Randle, Jeremy Randle, and Terrie Green are citizens of the State of Texas.

4.      Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.   Therefore, Home Depot is a citizen of the States of Delaware and Georgia.

5.      Robin America Inc. d/b/a Subaru Robin ("Robin") is a corporation organized under the laws of the State of Delaware with a principal place of business in Illinois.   Therefore, Robin is a citizen of the States of Delaware and Illinois.   Robin has not been served with process in this suit. As such, Robin's consent to removal is not required.   Additionally, in their Original Petition, Plaintiffs state that they are serving the Illinois Secretary of State with the citation.   This is not a method of service authorized by the laws of the State of Texas; therefore Plaintiffs could never effectuate service on Robin in the manner set forth in their petition.

6.     Fuji Heavy Industries U.S.A., Inc. ("Fuji") is a corporation organized under the laws of the State of New Jersey with a principal place of business in New Jersey.  Therefore, Robin is a citizen of the State of New Jersey.  Fuji has not been served with process in this suit.  As such, Fuji's consent to removal is not required.  Additionally, in their Original Petition, Plaintiffs state that they are serving the New Jersey Secretary of State with the citation.  This is not a method of service authorized by the laws of the State of Texas; therefore Plaintiffs could never effectuate service on Fuji in the manner set forth in their petition.

7.     The Coleman Company, Inc. ("Coleman") is a corporation organized under the laws of Delaware with a principal place of business in Kansas.  Therefore, Coleman is a citizen of the States of Delaware and Kansas.  Coleman has not been served with process in this suit.  As such, Coleman's consent to removal is not required.

8.     Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that all Plaintiffs and Home Depot, Fuji, Robin, and Coleman are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

9.     Defendant Mead Bradley ("Bradley") is a citizen of Texas.  However, the Plaintiffs improperly joined Bradley as a defendant to defeat diversity jurisdiction, as there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against Bradley in state court.  *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).   Bradley is the store manager of the Home Depot store located at 14440 Hillcroft Street in Houston, Texas.

10.     Under Texas law, the controlling state law regarding Plaintiffs' causes of action, individual liability of a corporate employee only arises when the employee owes an independent

duty of reasonable care to the injured party apart from the employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). In their Original Petition, Plaintiffs do not specifically allege what acts were committed by what Defendant. Rather, Plaintiffs merely allege that the generator was "manufactured by Defendants Robin America Inc. and Fuji Industries U.S.A." and was "sold by "Defendants Home Depot U.S.A. Inc. and Mead Bradley." (Plaintiffs' Or. Pet., p. ¶ 21). Additionally, in the negligence, negligent misrepresentation, and products defects sections of their Original Petition, Plaintiffs only refer generally to "Defendants," and do not make any specific allegations against any specific named defendants. In particular, Plaintiffs do not allege that Bradley made any misrepresentation or committed any other act that would give rise to an independent duty of reasonable care.

11.     The reason for this failure to allege any acts on the part of Bradley that would give rise to an independent duty with respect to Bradley is that there are no facts that could support any claims against Bradley. The Home Depot store in question did not sell any Black Max 6560 generators, model number EX300D520106930, and Bradley has never been involved in the sale of any Black Max brand generators. *See* Declaration of Mead Bradley at ¶ 2-3, which is attached as Exhibit "C." As the Home Depot store in question did not sell any Black Max brand generators, and Mead Bradley has never participated or been involved in the sale of any Black Max brand generators, there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against Bradley in state court. Since Bradley did not participate in the sale of the Black Max generator to which reference is made in Plaintiffs' Original Petition, there is no way for Plaintiff to prove that he owed or breached any independent duty of reasonable care to any of the Plaintiffs or the decedents.

12.     Additionally, as Bradley did not participate in the sale of the Black Max generator

referenced in Plaintiffs' Original Petition, and the individuals who used (and most likely purchased) the Black Max generator are deceased, it appears that the inclusion of Bradley in Plaintiffs' Original Petition was for the sole purpose of defeating diversity jurisdiction.  At the time of decedents' deaths, and at all times since, Bradley was the store manager for the Home Depot store located at 14440 Hillcroft Street in Houston, Texas.  Store managers in general do not participate in assisting customers with sales of individual products.  As the Court will notice, Plaintiffs did not state in their Original Petition: (1) what role Bradley played in the alleged sale; (2) when the generator was purchased; or (3) who purchased the generator in question.  It appears the Plaintiffs' counsel merely picked the Home Depot store that was nearest to the decedents' residence, learned the identity of the store manager (which is prominently displayed in all Home Depot stores), and included his name in the Original Petition for the sole purpose of defeating diversity jurisdiction.

13.     Because removal is premised on improper joinder, the individual defendant need not consent to removal.

14.     Under *28 U.S.C. § 1446(a)*, venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

15.     Pursuant to *28 U.S.C. § 1446(d)*, Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of Removal with the District Clerk of Harris County, Texas, where the action was previously pending.

16.     **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Rogers Smith, et al. vs. Robin America Inc. d/b/a Subaru-Robin, et al.*; Cause No. 2008-64392, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally

filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

By: _____

Arthur K. Smith
Attorney-in-Charge
Texas State Bar No.  18534100

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

507 Prestige Circle
Allen, Texas  75002
Telephone:  (469) 519-2500
Facsimile:  (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

On the 2nd day of December 2008, a true and correct copy of the foregoing was delivered via certified mail, return receipt requested, to plaintiffs through their counsel of record, as follows:

Jason A. Gibson
The Gibson Law Firm
The Lyric Centre
440 Louisiana Street, Suite 2050
Houston, Texas  77002

_____

Arthur K. Smith

150008.342/Notice of Removal