UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGERS SMITH, *et al*, | } |
| | } |
| Plaintiffs, | } |
| VS. | } CIVIL ACTION NO. H-08-3565 |
| | } |
| ROBIN AMERICA, INC; dba SUBARU-ROBIN, *et al*, | } |
| | } |
| Defendants. | } |

**OPINION & ORDER**

Pending before the Court is Plaintiffs Rogers Smith, *et al*, ("Plaintiffs")'s Motion for Remand and Motion for Leave to Amend (Doc. 5), and the response, reply and sur-reply thereto. For the reasons explained below, the Court DENIES Plaintiffs' Motion for Remand (Doc. 5) and DENIES Plaintiff's Motion for Leave to Amend (Doc. 5.)

I. **Background & Relevant Facts.**

Plaintiffs assert that remand to state court is proper because one of the Defendants, Mead Bradley ("Bradley"), is a Texas citizen, defeating federal diversity jurisdiction. Home Depot counters that Bradley was improperly joined as there is no possibility of maintaining a cause of action against him. Plaintiffs further seek to amend their complaint to add as Defendants, Joel Hill ("Hill") and J.E. Hill Properties, LLC, ("Hill Properties") (collectively "the Hill Defendants") both Texas citizens, which would also destroy federal diversity jurisdiction. Home Depot argues the Court should exercise its discretion to deny joinder under the *Hengens* factors.

The following facts are as alleged in Plaintiff's Original Petition filed in the 190th Judicial District of Harris County, Texas. *See* Doc. 1 Exh. 4. This case is a wrongful death

action, that also makes survival claims. *Id.* at 5. Plaintiffs are parents and children of the deceased Rogers Smith III ("Smith"), Rekesha Hopkins ("Hopkins") and Kaven Randle (Randle"). *Id.*

Sometime between September 13, and September 18, 2008, Smith, Hopkins and Randle died of carbon monoxide poisoning in their home. *Id.* at 8. Their home contained a gasoline powered Black Max 6560 Subaru generator ("the Black Max generator") that emitted the deadly gas. *Id.* The decedents came to rely on the Black Max 6560 when Hurricane Ike caused a power shortage. *Id.*

Defendants Robin America, Inc., ("Robin") The Coleman Company, Inc., ("Coleman") and Fuji Industries U.S.A. Inc. ("Fuji"), manufactured the Black Max generator. *Id.* at 8. Plaintiffs further allege that Home Depot, and specifically one of Home Depot's store managers Bradley, sold the Black Max generator to the decedents. *Id.* Bradley, however, in a sworn affidavit has stated that the Home Depot store of which he was manager had never sold the Black Max brand of generators. *Id.* at 35. Bradley declared, "[d]uring my tenure as an employee of Home Depot, I have never discussed any Black Max generators with any store customers nor have I ever sold or been involved in the sale of any Black Max generators." *Id.*

According to the sworn affidavit of James Carlos Canady, ("Canady"), counsel for Plaintiffs, Canady took photos at a Home Depot store of another brand of generator, Powermate. Doc. 5 Exh. A at 7. According to Canady, the Defendant manufacturers make both Powermate and Black Max generators. *Id.* at 2.

Hill was sole owner of decedents' home and leased it to them. *See Declaration of Joel E. Hill*, Doc. 6 Exh. A at 2. Plaintiffs seek to hold the Hill Defendants liable for "failing to use ordinary care in maintaining and inspecting the leased premises of which [the Hill

Defendants] maintained possession/and or control," "failing to use ordinary care to protect Plaintiffs against unreasonable and foreseeable risks of harm on the leases [sic] premises," and "failing to equip the leased premises with any carbon monoxide monitoring devices." *See Plaintiff's Proposed Amended Complaint*, Doc. 5 Exh. C at 9.

In late December 2007, Hill leased the home to Hopkins. Doc. 6 Exh. A at 3. According to Hill, at the time of the lease the home came equipped only with electrical appliances. *Id*. at 2. It did not have gas, a fireplace, oil or wood, all of which might be responsible for carbon monoxide emissions. *Id*. Furthermore, Hill made no representations, in the lease or otherwise, that the landlord would provide carbon monoxide detectors to Hopkins. *Id*. Hopkins never made any inquiry regarding carbon monoxide or detectors. *Id*. Hill states he never provided any power generator to supply the premises with power. *Id*. In fact, Hill was not aware that any of the tenants were using the Black Max 6560 or any other generator on the premises. *Id*.

According to Plaintiffs, the impetus for joining the Hill Defendants is the discovery of new evidence. *See Plaintiffs' Motion to Remand*, Doc. 5 at 8. No such evidence is before the Court.

**II.    Analysis.**

a. Standard for Improper Joinder

A party seeking to invoke the federal courts' removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state

court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)). The first method is not applicable in this case because the Removing Defendants have not alleged actual fraud in the pleading of jurisdictional facts. Under the second method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

There are two ways by which to resolve the issue. First, the court may conduct a "Rule 12(b)(6)-type" analysis by examining the allegations of the complaint to determine whether a claim under state law has been stated against the in-state defendant. *Id.* Second, the court may "pierce the pleadings" and consider "summary judgment-type" evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.] *Id.* In this second inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 648-49.

The district court, when reviewing a claim of improper joinder, "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson*, 99 F.3d 751 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). After the district court resolves all disputed questions of fact and all ambiguities of the controlling law in favor of the plaintiff, the court will then determine if a party has any possibility of recovery against the party whose joinder is questioned. *See Carriere v. Sears,*

*Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden*, 60 F.3d at 216. Therefore, if the court finds any reasonable possibility that the plaintiff has a cause of action against any non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-752.

      b.  Whether Bradley was Improperly Joined.

Defendants argue, based primarily on *Leitch v. Hornsby*, 935 S.W.2d 114, (Tex. 1996), that there is no arguably reasonable basis for holding Bradley liable for plaintiff's injuries. In *Leitch*, the Texas Supreme Court explained the circumstances in which individual liability will be imposed on a corporate officer or agent acting in the scope of employment: "[I]ndividual liability arises only when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Id*. at 117 (emphasis added).

Defendants have also presented "summary judgment-type" evidence that the allegations fail as a matter of law. The Court may "pierce" the pleadings and consider this evidence. *Smallwood*, 385 F.3d at 573. Defendants allege that Plaintiffs merely sought out the Home Depot store geographically closest to the house and named its store manager, Bradley, as a defendant. In support of this contention, Defendants submit the sworn affidavit of Bradley who testified Home Depot did not stock the Black Max generator and that he personally had never been involved in the sale of one. The only rebuttal evidence Plaintiffs submitted was the photo of a Powermate generator that was sold by Home Depot. Plaintiffs argue that because Powermate and Black Max generators are manufactured by the same companies this raises a genuine issue of material fact as to whether Home Depot sold Black Max generators as well as Powermate generators. Because Home Depot is no more likely to sell one brand because it sells

another brand made by the same manufacturers, this is no inference at all, and Plaintiffs fail to refute Bradley's affidavit. As Bradley never sold a Black Max generator, there is no reasonable possibility of recovery against him on negligence and negligent misrepresentation claims arising from the sale of a Black Max generator. Thus, the Court concludes he was improperly joined and Plaintiffs' motion to remand is denied.

    c. The Legal Standard for a Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that a parties may amend their pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). Although a court "should freely give leave when justice so requires" under Rule 15(a), leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

"[W]hen an amendment would destroy diversity the court should scrutinize that amendment more closely than an ordinary amendment." *Tujague v. Atmos Energy Corp.*, No. 05-2733, 2008 U.S. Dist. LEXIS 12515, 2008 WL 489556, at *1 (E.D. La. Feb. 20, 2008). If a district court permits joinder of a nondiverse defendant, and diversity was the sole basis for the court's subject-matter jurisdiction, it must remand the case to the state court. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (citing 28 U.S.C. § 1447(e)); *Lindsey v. Ford Motor Co.*, No. 94-10503, 1994 WL 684970, at *4-5 (5th Cir. Nov. 22, 1994) (citing 28 U.S.C. § 1447(e)). Because of this, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Whitworth v. TNT*

*Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (quoting 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL, § 1447 at 562 (2d ed. 1990)). A motion for leave to amend to add a nondiverse party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule 15(a). *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (stating that a district court has discretion under § 1447(e) to decide whether to allow joinder of a nondiverse party who would destroy jurisdiction); *Whitworth*, 914 F. Supp. at 1435 (finding that 28 U.S.C. § 1447(e) trumps Rule 15); *Borne v. Siemens Energy & Automation, Inc.*, No. 94-3229, 1995 U.S. Dist. LEXIS 551, 1995 WL 15354, at *1 (E.D. La. Jan. 17, 1995) [*12] (same); *Lehigh Mech., Inc. v. Bell Atlantic Tricon Leasing Corp.*, No. CIV. A. 93-673, 1993 U.S. Dist. LEXIS 10678, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993) (same).

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow joinder of a party under section 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), and does not apply the "freely given" standard of Rule 15(a). See *Tillman*, 929 F.2d at 1029 & n.11; *Tujague*, 2008 U.S. Dist. LEXIS 12515, 2008 WL 489556, at *1--2; *Dumas v. Walgreens Co.*, No. 3:05-CV-2290-D, 2007 U.S. Dist. LEXIS 9743, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007). In balancing the original defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation, a court considers: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and

(4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182; see also *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (stating that joinder of nondiverse parties is committed to the sound discretion of the district court under § 1447(e) and "thus this decision is not controlled by a Rule 19 analysis").

Granting Plaintiff's motion for leave to amend to join additional party defendants would destroy diversity and this court's subject-matter jurisdiction. The analysis requires an application of the standard set out in *Hensgens v. Deere & Co*, 833 F.2d at 1182.

  d. Whether the Court should permit Joinder of the Hill Defendants.

Applying the first *Hensgens* factor reveals that Plaintiffs seek to join non-diverse parties solely for the purpose of defeating diversity. Courts have observed that the absence of an earlier effort to remand a removed case is some evidence that a motion to add parties, including non-diverse parties, may not be for the purpose of defeating diversity. *See Tujague*, 2008 U.S. Dist. LEXIS 12515, 2008 WL 489556, at *4 (finding that plaintiff's principal motivation was not to defeat federal jurisdiction but to assert a valid claim he did not know about when he filed suit because the plaintiff had made no prior attempt to have the suit remanded to state court and there was no indication that the non-diverse defendant was fraudulently joined). Conversely, Plaintiff's efforts to avoid a federal forum by filing in state court and naming a non-diverse party against which there was no reasonable possibility of recovery, then moving to remand when the case was removed, provide some evidence that she filed the motion to add new parties who would destroy federal jurisdiction for that purpose.  This is an especially strong inference to make when the motion to remand is made within the same pleading as the motion for leave to

amend. Plaintiffs' claim that their motion to for leave to amend is motivated by the discovery of new evidence as to the Hill Defendants is belied by the vagueness of the contention. This summary encapsulates Plaintiffs' presentation. None of the evidence is described. The inevitable inference is that the claim is hollow.

Under the first *Hensgens* factor, courts also look to whether the plaintiff timely stated a cognizable claim against the proposed new defendants. *Jackson v. Wal-Mart Stores, Inc.*, No. Civ. A. 03-2184, 2003 U.S. Dist. LEXIS 20083, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003) (citations omitted); see also *Tillman*, 929 F.2d at 1029 (stating that the validity of the new cause of action is one indicator of whether the principal purpose of the proposed joinder is to defeat diversity); *Jade Marine, Inc. v. Detroit Diesel Corp.*, No. Civ.A. 02-2907, 2002 U.S. Dist. LEXIS 24880, 2002 WL 31886726, at *3 (E.D. La. Dec. 20, 2002) ("[T]he aforementioned considerations -- that plaintiff was not dilatory, that plaintiff's claim against Marquette is recognized under Louisiana law, and that denial of amendment may prejudice plaintiff -- outweigh the Court's suspicion that at least part of the reason why plaintiff wants to sue Marquette is to defeat federal jurisdiction."). In the instant case Plaintiffs appear not to state a cognizable claim against the proposed additional defendants. Plaintiffs' factual allegations are that decedents themselves installed the Black Max generator in the garage. This is consistent with Hill's sworn affidavit that at the time of the lease the landlord had no knowledge of any carbon-monoxide producing devices on the premises. Landlord liability could not arise in these circumstances as they do not act as insurers of last resort; dangerous conditions on the premises placed there after the lease by the lessees without the landlord's knowledge could not be a basis for liability. *See, e.g., Garza-Vale v. Kwiecien*, 796 S.W.2d 500, 503 (Tex. App. San Antonio 1990) (delineating landlord's liability for dangerous conditions to tenant.) Furthermore, as can

be seen in the court's decision in *Garza-Vale*, 796 S.W.2d at 503, dealing with the statutory duty to install smoke detectors, in the absence of an express statutory duty, there is no cause of action for failure by the landlord to install carbon monoxide detectors.[1] Thus, the first *Hensgens* factor weighs heavily against allowing leave to amend. Furthermore, *dicta* in *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. La. 1999) states that where there is no cognizable claim, joinder would never be granted so as to defeat diversity jurisdiction. For the sake of completeness, however, the Court will consider the remaining *Hengens* factors.

The second *Hensgens* factor analyzes whether the plaintiff was dilatory in seeking leave to amend. Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint "when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Herzog v. Johns Manville Products Corp.*, No. Civ. A. 02-1110, 2002 U.S. Dist. LEXIS 22187, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (citations omitted); *see also Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed well within the time allowed by the scheduling order). In this case, a scheduling order was entered setting the pre-trial conference, and the motion to amend was filed before the deadline set by the order. The motion to amend was not dilatory.

The third *Hensgens* factor looks to whether denying amendment would cause prejudice. The Court finds that as there is scant possibility of recovery against the Hill Defendants there is little chance of prejudice in forcing Plaintiffs to bring a second claim against the Hill Defendants in state court. Thus, this factor weighs against granting the motion to amend.

---

[1] There is no common law duty in Texas to install smoke detectors, *Garza-Vale*, 796 S.W.2d at 503, and thus, by analogy very likely no duty to install carbon monoxide detectors. The Texas Property Code has no statutory duty to install carbon monoxide detectors. No case law appears to address the issue.

The final *Hensgens* factor requires this court to consider "any other factors bearing on the equities." The main concern at issue here is that Defendants will be deprived of the federal forum they properly invoked. Thus, this factor weighs heavily against allowing amendment. After considering the *Hengens* factors, the Court concludes that amendment will be denied.

    e.  Dismissal of Bradley

As the Court finds there is no reasonable possibility of recovery against Bradley in this action, dismissal of Bradley as a defendant is appropriate at this time.

III.   **Conclusion.**

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand (Doc. 5) is DENIED and Plaintiffs' Motion for Leave to Amend (Doc. 5) is DENIED;

And it is further ORDERED that Defendant Mead Bradley is DISMISSED as a Defendant.

SIGNED at Houston, Texas, this 7th day of August, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE