# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGERS SMITH and WINONA SMITH, Individually and as Heirs of the Estates of ROGERS SMITH III, Deceased, and REKESHA HOPKINS, Deceased; GEORGIA RANDLE, KARRY BROWN, MARGARET RANDLE, JEREMY VEAZIE TERRIE GREEN, as the Next Friend of KENDRA RANDLE, a Minor, and SCHRHONDA RANDLE, Individually and as Heirs of the Estate of KAVEN RANDLE, Deceased | § § § § § § § § § § § § § § | |
| v. | § § § | CIVIL ACTION NO. 4:08-cv-03565 |
| ROBIN AMERICA, INC. d/b/a SUBARU-ROBIN, FUJI HEAVY INDUSTRIES U.S.A. INC., HOME DEPOT U.S.A. INC., THE COLEMAN COMPANY, INC., and FUJI HEAVY INDUSTRIES, LTD. | § § § § § § § | |

**PLAINTIFFS' FOURTH AMENDED COMPLAINT**

TO THE HONORABLE MELINDA HARMON:

Plaintiffs ROGERS SMITH and WINONA SMITH, Individually and as Heirs of the Estates of ROGERS SMITH III, Deceased, and REKESHA HOPKINS, Deceased, GEORGIA RANDLE, KARRY BROWN, MARGARET RANDLE, JEREMY VEAZIE, TERRIE GREEN, as the Next Friend of KENDRA RANDLE, a minor, and SCHRHONDA RANDLE, Individually and as Heirs of the Estate of KAVEN RANDLE, Deceased, ("Plaintiffs") bring this lawsuit complaining of ROBIN AMERICA, INC. d/b/a SUBARU-ROBIN, FUJI HEAVY INDUSTRIES U.S.A. INC., HOME DEPOT U.S.A. INC., THE COLEMAN COMPANY, INC.,

1

POWERMATE CORP. and FUJI HEAVY INDUSTRIES LTD ("Defendants") and would respectfully show the following:

## I.
## DISCOVERY LEVEL

1. Plaintiffs request discovery be conducted under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

## II.
## REQUEST FOR DISCLOSURE

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

## III.
## WRONGFUL DEATH AND SURVIVAL CLAIMS

3. Plaintiffs are entitled to bring this action under the Texas Wrongful Death Act. TEX. CIV. PRAC. & REM. CODE ANN. §71.002. Specifically, Plaintiffs Rogers Smith and Winona Smith are the parents of the deceased, Rogers Smith III and Rekesha Hopkins. Plaintiffs Georgia Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra Randle, a minor, and Schrhonda Randle are parent, children, and widow of the deceased, Kaven Randle.

4. In addition, Plaintiffs Rogers Smith and Winona Smith bring this action as Heirs of the Estates of Rogers Smith III and Rekesha Hopkins and Plaintiffs Georgia Randle, Karry Brown, Margaret Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra

Case 4:08-cv-03565   Document 40-2   Filed in TXSD on 08/26/2009   Page 4 of 13

Randle, a minor, and Schrhonda Randle bring this action as Heirs of the Estate of Kaven Randle under the Texas Survival Statute. TEX. CIV. PRAC. & REM. CODE ANN. §71.021. Rogers Smith and Winona Smith are the only living heirs of Rogers Smith III, deceased, and Rekesha Hopkins, deceased. Georgia Randle, Karry Brown, Margaret Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra Randle, a minor, and Schrhonda Randle are the only living heirs of Kaven Randle, deceased. Legal representatives have not been appointed and an administration of the estates is not pending and is not necessary.

5.  Rogers Smith and Winona Smith are heirs entitled to the decedents' estates under the statutes of descent and distribution. TEX. PROB. CODE §38, §45. Georgia Randle, Karry Brown, Margaret Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra Randle, a minor, and Schrhonda Randle are heirs entitled to the decedent's estate under the statues of descent and distribution. *Id.* Moreover, personal representatives cannot or will not bring suit on behalf of the estates.

6.  The estates of the deceased do not have two or more debts. All of the estates' debts have been paid. Furthermore, the heirs and family of the deceased have agreed on any distribution of funds or assets received by the estate.

## IV.
## PARTIES

7.  Plaintiff, ROGERS SMITH, is a resident citizen of Houston, Harris County, Texas.

8.  Plaintiff, WINONA SMITH, is a resident citizen of Houston, Harris County, Texas.

9.  Plaintiff, GEORGIA RANDLE, is a resident citizen of Beaumont, Jefferson County, Texas.

3

10.     Plaintiff, KARRY BROWN, is a resident citizen of Sugar Land, Ft. Bend County, Texas.

11.     Plaintiff, MARGARET RANDLE, is a resident citizen of Beaumont, Jefferson County, Texas.

12.     Plaintiff, JEREMY RANDLE, is a resident citizen of Abilene, Taylor County, Texas.

13.     Plaintiff, TERRIE GREEN, as the Next Friend of KENDRA RANDLE, a minor, is a resident citizen of Houston, Harris County, Texas.

14.     Plaintiff, SCHRHONDA RANDLE, as a resident citizen of Houston, Harris County, Texas.

15.     Defendant, ROBIN AMERICA INC. d/b/a SUBARU-ROBIN, is a foreign corporation organized and existing under the laws of the State of Illinois, and does not maintain a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute, and therefore may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. Defendant's home office address is, 940 Lively Blvd., Wood Dale, IL, 60191-1204.

16.     Defendant, FUJI HEAVY INDUSTRIES U.S.A. INC., is a foreign corporation organized and existing under the laws of the State of New Jersey, and does not maintain a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute, and therefore may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. Defendant's home office address is, 4040 LK Washington Blvd Northeast, Ste 314, Kirkland, WA 98033-7874.

17.     Defendant, HOME DEPOT U.S.A. INC., is a foreign corporation organized and existing under the laws of the State of Delaware. This Defendant is authorized to do business in Texas and may be served by serving its registered agent for service of process in Texas: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

18.     Defendant, THE COLEMAN COMPANY, INC., is a foreign corporation or other business entity doing business in Harris County, Texas, and may be served with citation by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul, Dallas, TX 75201.

19. Defendant, POWERMATE CORP., is a foreign corporation organized and existing under the laws of the State of Delaware and with its principal office in Illinois. Powermate Corp. does not maintain a regular place of business or a designated agent for service of process in Texas. Defendant may be served through it's attorney of record, Neil Herman, Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, New York, 10178-0060.

20.     Defendant, FUJI HEAVY INDUSTRIES LTD, is a Japanese corporation with its principal place of business at 1-7-2 Nishinshinijuku, Shinjuku-ku, Tokyo 160-8316 Japan. Defendant, at all times material to this action, has engaged in business in Texas. Defendant does not maintain a principal place of business in Texas and has no designated agent on whom service of citation made be made. The causes of action arose from and are connected with purposeful acts committed by the Defendant in Texas. Defendant has agreed to waiver of service pursuant to FED. R. CIV. P. § 4(d).

## V.
## JURISDICTION

21.     The court has jurisdiction over Defendants because they have done business in Texas, committed a tort in Texas, and have had continuous contacts with Texas. In addition, the damages for which Plaintiffs bring suit exceeds the minimal jurisdictional limits of the Court.

## VI.
## VENUE

22.     Venue is proper in Harris County, Texas as all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) (Vernon 2005).

## VII.
## FACTS

23.     Sometime between September 13 and September 18 of 2008, Rogers Smith III, Rekesha Hopkins and Kaven Randle died from carbon monoxide poisoning. The carbon monoxide was emitted from a gasoline powered Black Max 6560 Subaru generator. In the aftermath of Hurricane Ike, Smith III, Hopkins and Randle were using the generator to supply power for their home at 4973 Ridgecreek, Houston, Texas.

24.     The generator, manufactured by Defendants Robin America Inc., The Coleman Company, Inc. Fuji Industries U.S.A. Inc., Powermate Corp., and Fuji Heavy Industries, Ltd. and sold by Defendant Home Depot U.S.A. Inc, emitted lethal amounts of carbon monoxide, even though the generator was in the garage adjacent to the home. The generator, product number EX300D520106930 and serial number M051074062, had no conspicuous warnings regarding carbon monoxide poisoning.

25. Relatives notified emergency workers on September 18, 2008, that they had not heard from Smith III, Hopkins or Randle after the storm hit. Police arrived at the house for a welfare check and found Smith III, Hopkins and Randle dead.

## VIII.
## NEGLIGENCE

26. Defendants owed various duties to Plaintiffs. Defendants breached these duties and were negligent in one or more of the following ways:

   a. in failing to adequately warn foreseeable users of the inherent risks associated with using their product;

   b. failing to use ordinary care in manufacturing a product with adequate warning labels for the ultimate user;

   c. in failing to supervise and/or carry out inspections of their product to ensure an adequately labeled product was produced for foreseeable users;

   d. in failing to adequately advise foreseeable users on how to properly use their product;

   e. in failing to adequately advise foreseeable users on what an 'enclosed area' is;

   f. in failing to use ordinary care in selling a safe product for the ultimate user;

27. Defendants' acts and omissions proximately caused Plaintiffs' injuries.

## IX.
## NEGLIGENT MISREPRESENTATION

28. Defendants made representations to Plaintiffs in the course of their business and supplied false information for the guidance of Plaintiffs. Defendants supplied false or misleading information for the specific purpose of guiding Plaintiffs in the purchase and use of the generator.

29. Defendants failed to exercise reasonable care and competence in obtaining and communicating the information to Plaintiff by:

    a. Failing to use reasonable care in adequately and properly disclosing the dangers associated with the product used by Plaintiffs; and

    b. Failing to use reasonable care in adequately and properly explaining the proper instructions and procedures for safely using the product.

30. Plaintiffs justifiably relied on representations made by Defendants, and the negligent misrepresentations made by Defendants proximately caused Plaintiffs' damages.

## X.
## PRODUCT DEFECTS

31. Defendants designed and marketed BlackMax generators. These products were defectively designed and marketed by Defendants. The defect or defects made this product unreasonably dangerous for its intended use.

32. Additionally, such defect or defects existed at the time these Defendants manufactured and/or sold the products in question. Such defect or defects were the proximate cause of Plaintiffs' injuries and damages. Therefore, Defendants are liable to Plaintiffs under strict products liability.

## XI.
## WRONGFUL DEATH DAMAGES

33. Plaintiffs, Rogers Smith and Winona Smith, as the parents of Rogers Smith III, deceased, and Rekesha Hopkins, deceased, and Georgia Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra Randle, a minor, and Schrhonda Randle as parent, children and widow of the deceased, Kaven Randle, request the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate them:

8

a. Plaintiffs' pecuniary loss from the deaths of Rogers Smith III, Rekesha Hopkins, and Kaven Randle, including loss of care, maintenance, support, services, advice, counsel and contributions of pecuniary value that they would, in all reasonable probability, have received from Rogers Smith III, Rekesha Hopkins and Kaven Randle during their lifetime had they lived;

b. The mental anguish, grief and sorrow Plaintiffs suffered in the past and will continue to suffer in the future as a result of Rogers Smith III, Rekesha Hopkins and Kaven Randle's deaths;

c. Plaintiffs' loss of consortium and damage to their parental relationships, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness;

d. Plaintiffs' loss of monetary support due to the death of Rogers Smith III, Rekesha Hopkins and Kaven Randle they would, in all reasonable probability, have received from Rogers Smith III, Rekesha Hopkins, Kaven Randle during their lifetime had they lived; and

e. Attorney's fees and court costs.

## XII.
## SURVIVAL DAMAGES TO THE ESTATES OF
## ROGERS SMITH III, REKESHA HOPKINS & KAVEN RANDLE

34. Plaintiffs, Rogers Smith and Winona Smith, as the Heirs of the Estates of Rogers Smith III, deceased, and Rekesha Hopkins, deceased, and Georgia Randle, Karry Brown, Margaret Randle, Jeremy Randle, Terrie Green, as the Next Friend of Kendra Randle, a minor, and Schrhonda Randle as Heirs of the Estate of Kaven Randle, respectfully request the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the heirs, legal representatives and estates:

    a.    The physical pain and suffering Rogers Smith III, Rekesha Hopkins and Kaven Randle suffered prior to their deaths as a result of their injuries sustained from Defendants;

    b.    The mental anguish Rogers Smith III, Rekesha Hopkins and Kaven Randle suffered prior to their deaths as a result of their physical injuries sustained from Defendants;

    c.    The funeral and burial expenses incurred as a result of Rogers Smith III, Rekesha Hopkins and Kaven Randle's deaths;

    d.    Exemplary damages; and

    e.    Attorney's fees and court costs.

## XIII.
## EXEMPLARY DAMAGES

35. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

36. Nevertheless, Defendants proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiffs. Therefore, Defendants are liable for exemplary/punitive damages.

## XIV.
## DAMAGES AGAINST POWERMATE CORP.

37. Powermate Corp.'s damages are limited to the extent of their insurance coverage pursuant to the relief from stay granted by the United States Bankruptcy Court for the District of Delaware.

## XV.
## CONDITIONS PRECEDENT

38.   All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XVI.
## JURY DEMAND

39.   Plaintiffs DEMAND A TRIAL BY JURY and tender the appropriate fee.

## XVII.
## PRAYER

40.   For the above reasons, Plaintiffs pray for judgment against Defendants, jointly and severally, together with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other relief, both in law and equity, to which Plaintiffs may show they are justly entitled.

Respectfully Submitted,

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been served on all counsel of record via e-file and/or fax on August 26, 2009.

_____
Jason A. Gibson